UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:25-CR-00029-1-DCLC-CRW |
| | ) | |
| JONATHAN RYAN FELLERS | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Jonathan Fellers's Motion to Dismiss Aggravated Offense and Memorandum in Support [Doc. 20], the United States's Response in Opposition [Doc. 24], and Mr. Fellers's Reply [Doc. 31]. For the reasons herein, the Court will deny Mr. Fellers's motion

## I. BACKGROUND

Earlier this year, a federal grand jury indicted Mr. Fellers on a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] [Indictment, Doc. 7, at 1]. A defendant who violates § 922(g)(1) will receive an enhanced sentence of at least fifteen years' imprisonment[2] if he qualifies as an armed career criminal. 18 U.S.C. § 924(e)(1). An armed career criminal is someone who has committed at least three violent felonies[3] "*on occasions*

[1] Section 922(g)(1) outlaws the possession of a firearm by any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

[2] A convicted felon who possesses a firearm normally faces a maximum penalty of fifteen years' imprisonment, 18 U.S.C. § 924(a)(8), and three years' supervised release, *id.* §§ 3559(a)(3) and 3583(b)(2), but if that felon possesses the firearm after having incurred three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen-year minimum sentence, *id.* § 924(e)(1), and increases the maximum supervised-release term to five years, *id.* §§ 3559(a)(1) and 3583(b)(1).

[3] The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "Elements Clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "Enumerated-Offense Clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "Residual Clause"). *Id.* § 924(e)(2)(B).

*different from one another*." *Id.* This italicized language is known as the "Occasions Clause" of the ACCA.

The United States alleges that Mr. Fellers committed three violent felonies on different occasions and therefore qualifies as an armed career criminal under the ACCA. [Indictment at 1]. Mr. Fellers, however, moves to dismiss the United States's "§ 924(e) aggravated offense allegation," [Def.'s Mot. at 8], asserting, through his attorney at the Federal Defender Services of Eastern Tennessee ("FDSET"), that the Occasions Clause is unconstitutionally vague. The United States opposes his motion. Having carefully considered the parties' arguments, the Court is now prepared to rule on Mr. Fellers's motion.

## II. DUE-PROCESS CHALLENGES FOR VAGUENESS

"A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required," *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012) (citations omitted), and this principle is "essential to the protections" of the Fifth Amendment's Due Process Clause, *id.* (citation omitted), which states that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law," U.S. Const. amend. V. A derivative of due process, the so-called vagueness doctrine permits federal courts to strike down statutes whose "prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

A statute's prohibitions are not clearly defined if they "fail[] to give ordinary people fair notice of the conduct [they] punish[]" or are "so standardless that [they] invite[] arbitrary enforcement," *Johnson v. United States*, 576 U.S. 591, 595 (citation omitted), though "perfect clarity and precise guidance have never been required," *United States v. Williams*, 553 U.S. 285, 304 (2008) (quotation omitted). "What renders a statute vague is not the possibility that it will

sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *Id.* at 306. A defendant shoulders the burden of establishing that a statute is unconstitutionally vague on due-process grounds. *United States v. Kernell*, 667 F.3d 746, 750 (6th Cir. 2012).

## III. Analysis

In challenging the Occasions Clause as unconstitutionally vague, FDSET relies heavily, if not exclusively, on Justice Neil Gorsuch's concurring opinion in *Wooden v. United States*, 595 U.S. 360 (2022). [Def.'s Mot. at 2, 5, 7–8; *see id.* at 7 ("Justice Gorsuch explicitly invited lower courts to apply lenity to the occasions clause," and "[t]his Court should accept that invitation.")]. In opposing FDSET's challenge to the Occasions Clause, the United States relies on *Wooden*'s majority opinion, arguing that the Supreme Court has "provided a 'straightforward and intuitive' test to guide the occasions inquiry," [United States's Resp. at 2 (quoting *Wooden*, 595 U.S. at 369)], and that "a test that the Supreme Court has said is 'straightforward' cannot possibly be vague," [*id.* at 3 (quoting *Wooden*, 595 U.S. at 369)].

In *Wooden*, the Supreme Court addressed whether a defendant—who had burgled ten separate storage units inside one building on a single night—committed his crimes on the same occasion or on ten separate occasions under the Occasions Clause. *Wooden*, 595 U.S. at 367. The Supreme Court held that the defendant did not qualify as an armed career criminal under the ACCA because he committed his crimes on the same occasion and not on ten separate occasions. *Id.* In reaching this holding, it observed that "in law as in life, it is usually not so difficult to identify an 'occasion,'" *id.* at 370, and relying on dictionaries, it assigned the term "occasions" its ordinary meaning: "an event, occurrence, happening, or episode," *id.* at 367. "[G]iven what 'occasion' ordinarily means," the Supreme Court went on to fashion a "multi-

factored" balancing test under which "a range of circumstances may be relevant" to deciding whether offenses occurred on different occasions. *Id.* at 369. Temporal proximity between the offenses, physical proximity between the offenses, and similarities between the offenses all matter. *Id.*

Employing this multi-factored test, the Supreme Court reasoned that "every relevant consideration shows that Wooden burglarized ten storage units on a single occasion." *Id.* at 370. His crimes took place on the same night, in the same building, and as part of the same scheme; indeed, he had burgled the storage units one after another by "'crushing the interior drywall' between each of them. *Id.* at 363. So unlike offenses that might have occurred "a day or more apart" or "at a 'significant distance,'" the defendant's offenses occurred all on one occasion. *Id.* at 370 (quotation omitted).

Under the multi-factored test, the Supreme Court expressed confidence that "[i]n many cases, a single factor—especially of time and place—can decisively differentiate occasions." *Id.* at 369–70. Justice Gorsuch was not so confident. He predicted that "ambiguous cases are sure to arise" under the Occasions Clause and maintained that "[n]o list of factors, however thoughtful, can resolve" every one of them. *Id.* at 388 (Gorsuch, J., concurring). He advocated for lower courts' use of the rule of lenity when performing the occasions-different inquiry,[4] citing the rule of lenity's "relationship to due process" and the "connection between lenity and fair notice." *Id.* at 389, 390 (Gorsuch, J., concurring). While he did not expressly state that the Occasions Clause is unconstitutionally vague, he may have done so in not so many words by observing that "[i]f the law inflicting punishment does not speak 'plainly' to the defendant's

[4] Roughly two years after deciding *Wooden*, the Supreme Court, in *Erlinger v. United States*, 602 U.S. 821 (2024), held that the occasions-different inquiry under the occasions clause is for a jury and not a court to decide, *id.* at 835. In *Erlinger*, the Supreme Court did not consider whether the Occasions Clause was unconstitutionally vague.

conduct, liberty must prevail," and that "punishments . . . . should come only . . . in laws clear enough to supply 'fair . . . warning to the world,'" *id.* at 390, 397 (Gorsuch, J., concurring) (footnote and quotation omitted).

The majority opinion in *Wooden* would appear to support the United States's argument that the Occasions Clause is not unconstitutionally vague. Compare the holding in *Wooden* to the holding in *Johnson v. United States*, 576 U.S. 591 (2015), for instance. In *Johnson*, the Supreme Court determined that one of the ACCA's other clauses—the Residual Clause, which punished any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—was unconstitutionally vague. 576 U.S. at 606. The Supreme Court had difficulty assigning clear meaning to the term "risk" in the Residual Clause, and that difficulty prompted it to strike down the Residual Clause as unconstitutionally vague:

> [T]he residual clause forces courts to interpret 'serious potential risk' in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives. These offenses are far from clear in respect to the degree of risk each poses.' Does the ordinary burglar invade an occupied home by night or an unoccupied home by day? Does the typical extortionist threaten his victim in person with the use of force, or does he threaten his victim by mail with the revelation of embarrassing personal information? By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates.

*Johnson*, 576 U.S. at 598 (citation omitted).

Citing *Johnson*, FDSET argues that the Residual Clause "mirrors" the Occasions Clause because "[b]oth require judges or juries to imagine abstract categories rather than apply clear statutory elements." [Def.'s Mot. at 3]. But unlike in *Johnson*, the Supreme Court in *Wooden* had no trouble assigning clear meaning to the statutory term at issue, the term "occasions" in the Occasions Clause, and it gave the term its ordinary meaning:

> The ordinary meaning of the word 'occasion'—essentially an episode or event—refutes the Government's single-minded focus on whether a crime's elements were established at a discrete moment in time.
>
> . . . .
>
> Consider first how an ordinary person (a reporter; a police officer; yes, even a lawyer) might describe Wooden's ten burglaries—and how she would not. The observer might say: 'On one occasion, Wooden burglarized ten units in a storage facility.' By contrast, she would never say: 'On ten occasions, Wooden burglarized a unit in the facility.' Nor would she say anything like: 'On one occasion, Wooden burglarized a storage unit; on a second occasion, he burglarized another unit; on a third occasion, he burglarized yet another; and so on.' She would, using language in its normal way, group his entries into the storage units, even though not simultaneous, all together—as happening on a single occasion, rather than on ten 'occasions different from one another.'
>
> That usage fits the ordinary meaning of 'occasion.' The word commonly refers to an event, occurrence, happening, or episode.

*Wooden*, 595 U.S. at 366–67 (citation omitted). Given the relative certainty with which the Supreme Court was able to ascribe ordinary meaning to the term "occasions," the Occasions Clause would hardly seem like a clause that, in the Supreme Court's view, evades "clear[] defin[ition]." *Grayned*, 408 U.S. at 108. But then again, the fact that the Supreme Court was able to conceive a multi-factored test to guide analyses under the Occasions Clause does not necessarily mean that the Occasions Clause clears inspection under the vagueness doctrine. *See Skilling v. United States*, 561 U.S. 358, 415–16 (2010) ("A statute that is unconstitutionally vague cannot be saved . . . by judicial construction that writes in specific criteria that its text does not contain[.]" (Scalia, J., concurring) (citing *United States v. Reese*, 92 U.S. 214, 219–21 (1876) (internal citation omitted))).

But, ultimately, the Court accepts neither the United States's nor FDSET's arguments under *Wooden* because *Wooden* is simply not dispositive of whether the Occasions Clause is unconstitutionally vague, and Justice Gorsuch's non-binding concurring opinion is certainly not dispositive of whether it is unconstitutionally vague. The question in *Wooden* was whether

the defendant had perpetrated his burglaries on different occasions: "[T]he disputed question is whether Wooden committed his crimes on a single occasion or on ten separate ones." *Wooden*, 595 U.S. at 366. That question was one of statutory interpretation, not constitutional viability. *See Mitchell v. United States*, 43 F.4th 608, 617 (6th Cir. 2022) ("*Wooden* decided a matter of statutory interpretation, not constitutional law." (citing *id.* at 366, 371–72)). The Occasions Clause's constitutionality—on vagueness grounds or otherwise—was simply not before the Supreme Court in *Wooden*, and this Court, therefore, declines to extract precedential value from *Wooden*'s majority or concurring opinions beyond the holding that applies to the case's lone presented issue.

Because the Supreme Court has not yet addressed whether the Occasions Clause is unconstitutionally vague, this Court must now consider whether the Sixth Circuit has addressed this issue, and FDSET acknowledges—in a footnote rather than in the body of its motion—that the Sixth Circuit has "upheld the occasions different clause against vagueness challenges in *United States v. Jenkins*, 770 F.3d 507, 510 (6th Cir. 2014)." [Def.'s Mot. at 2 n.1]. *Jenkins* binds this Court. *See Grae v. Corrs. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025) ("[O]ur precedents are not hortatory."); *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) ("[O]nly the en banc court or the United States Supreme Court may overrule the prior panel." (citation omitted)).

But even if not for FDSET's concession that *Jenkins* forecloses its argument under the vagueness doctrine, FDSET's argument would fail for yet another reason, as the United States correctly argues. "[V]agueness challenges to statutes which do not involve First Amendment freedoms," as is true in Mr. Fellers's case, "must be examined in the light of the facts of the case at hand," and "[t]hus, [the] defendant bears the burden of establishing that the statute is

vague as applied to *his particular case*." *United States v. Krumrei*, 258 F.3d 535, 537 (6th Cir. 2001) (emphasis added) (quoting *United States v. Powell*, 423 U.S. 87, 92 (1975)); *see United States v. Parker*, 761 F.3d 986, 991 (9th Cir. 2014) ("Because [the defendant's] challenge does not involve the First Amendment, we 'need only examine the vagueness challenge under the facts of the particular case,' and need not 'address whether the statute is vague as to its other potential applications.'" (quotation omitted)); *Jenkins*, 134 F.4th at 510 ("Having sequentially burglarized nine separate houses, Jenkins cannot credibly claim that he was ambushed by the district court's decision to apply the Act against *him*. No due process violation occurred." (emphasis added)); *see also Maynard v. Cartwright*, 486 U.S. 356, 361 (1988) ("Vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis." (citations omitted)).

Because Mr. Fellers's due-process challenge to the Occasions Clause requires the Court to "consider whether [that clause] is vague as applied to the particular facts at issue," *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010), the Court must determine whether he has "engage[d] in some conduct that is clearly proscribed" by that clause, *Williams*, 553 U.S. at 304 (quotation omitted); *see id.* ("[A] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others[.]" (quotation omitted)). In making this determination, the Court does *not* decide whether he has actually violated the Occasions Clause—that decision is a jury's and a jury's alone. *Erlinger v. United States*, 602 U.S. 821, 825 (2024). Rather, it decides only whether the Occasions Clause "is *reasonably clear* in its application" to Mr. Fellers. *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests, Inc.*, 455 U.S. 489, 505 (1982) (emphasis added).

FDSET does not argue, let alone to attempt to show, that the Occasions Clause is vague as it applies to the particular facts of Mr. Fellers's case, and nor can it make this showing. In *Wooden*, the Supreme Court characterized the occasions-different analysis, as it applied to the particular defendant in that case, as straightforward. *See Wooden*, 595 U.S. at 370 ("[M]ost [analyses under the Occasions Clause] should involve no extra-ordinary work. And surely, this one does not."). If the applicability of the Occasions Clause to the defendant in *Wooden* was straightforward, then its applicability to Mr. Fellers is even more straightforward. Indeed, the United States—which, again, alleges that Mr. Fellers has committed three violent felonies that trigger the ACCA's enhancement, [Indictment at 1]—provides the Court with evidence that his offenses occurred many years apart from one other: in 1999, 2005, and 2013, [United States's Ex. 8, Doc. 27-6, at 1–2; United States's Ex. 10, Doc. 27-8 at 1–3; United States's Ex. 12, Doc. 27- 10, at 2, 3, 43].

So even if Mr. Fellers had attempted to make the requisite showing that the Occasions Clause is unconstitutionally vague as it applies to his case's particular facts, he would have been unsuccessful in making that showing. *See Wooden*, 595 U.S. at 369–70 ("In many cases, a single factor—especially of time or place—can decisively differentiate occasions."); *see also United States v. Robinson*, 133 F.4th 712, 715 (6th Cir. 2025) ("[M]any years separated each of [the defendant's] three crimes. The record thus leaves no doubt that he committed those crimes on different occasions[.]"). The record therefore establishes, unequivocally, that the Occasions Clause "is reasonably clear in its application" to Mr. Fellers, *Vill. of Hoffman Ests.*, 455 U.S. at 505, and FDSET's failure even to attempt to show otherwise stymies its argument that the Occasions Clause is unconstitutionally vague, *see Williams*, 553 U.S. at 304 ("[A] plaintiff

who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others[.]" (quotation omitted)).

## IV. CONCLUSION

Although FDSET urges the Court to conclude that the ACCA's Occasions Clause is unconstitutionally vague by relying on Justice Gorsuch's non-binding concurring opinion in *Wooden*, the Court is without license to do so in light of FDSET's concession that the Sixth Circuit has "upheld the occasions different clause against vagueness challenges in" *Jenkins*. [Def.'s Mot. at 2 n.1]. In addition, FDSET fails to meet its burden of demonstrating that the Occasions Clause is vague as it applies to the particular facts of Mr. Fellers's case. FDSET's Motion to Dismiss Aggravated Offense and Memorandum in Support [Doc. 20] is therefore **DENIED**.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge